IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BURNS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1485 |
| Social Security Administration | ) |
| Defendant. | ) |
| AMBROSE, U.S. Senior District Judge | ) |

**OPINION
AND
ORDER**

I. Synopsis

Pending before the Court are Cross-Motions for Summary Judgment. ECF Nos. [17] (Plaintiff) and [21] (Defendant). Both parties filed Briefs in support of their Motions. ECF Nos. [18] (Plaintiff) and [22] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, Defendant's Motion, ECF No. [21], is granted and Plaintiff's Motion, ECF No. [17] is denied.

II. Background

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning September 14, 2008. ECF No. 13-2, 21. After Plaintiff's application was denied initially on September 6, 2011, he requested that his application be reviewed by an Administrative Law Judge ("ALJ"). *Id*. Plaintiff and a Vocational Expert ("VE") testified at a hearing before the ALJ on January 29, 2013. *Id.*

1

Subsequently, the ALJ denied Plaintiff's claims in an unfavorable decision on February 12, 2013. *Id.* at 34. After Plaintiff's request for review by the Appeals Council was denied, Plaintiff filed this cause of action seeking judicial review of the decision denying him benefits. ECF No. 18, 2.

III. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

1. Plaintiff's Headaches

Plaintiff argues that he has a well-documented history of migraine headaches and that the ALJ erred by failing (i) to discuss his history and treatment for migraine headaches, (ii) to find this impairment is "medically determinable" and "severe," and (iii) to include work-related limitations resulting from the migraine headaches. ECF No. 18, 3-7. Defendant counters that

3

although the ALJ did not list headaches as a severe impairment, the ALJ was aware of the condition and accommodated Plaintiff's limited ability to use a computer, read, and concentrate due to headaches when he asked the VE to consider that Plaintiff was limited to simple tasks, decisions, and instructions. ECF No. 22, 15.

The step-two inquiry into an impairment's severity "is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F. 3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 404.1521(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The impairment is not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Newell*, 347 F.3d at 546; *Mays v. Barnhart*, 78 F. App'x 808, 811 (3d Cir. 2003); S.S.R. 85-28. Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant. *Newell*, 347 F.3d at 546-47.

Typically, an error at step two is harmless where the ALJ finds in the claimant's favor at step two and proceeds with the sequential analysis even if he had erroneously concluded that the other impairments were not severe. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 144-45 & n.2 (3d Cir. 2007) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)). Where, "on the other hand, the ALJ actually fails to make *any* finding of severity or non-severity with respect to an impairment of record—as opposed to an explicit but incorrect finding of non-severity—the analysis is somewhat more complex." *Pailin v. Colvin*, Civil Action No. 10-4556, 2013 WL 5924972, at *3 (E.D. Pa. Nov. 5, 2013). It is well-established that although the ALJ in a social security case may weigh the credibility of the evidence, he must give some indication of the evidence he rejects and the reasons for rejecting that evidence. *See Fargnoli v. Massanari*,

247 F. 3d 34, 43 (3d Cir. 2001). Otherwise, the reviewing court cannot tell if "significant probative evidence was not credited or simply ignored." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "Thus, unlike the situation where an ALJ considers evidence of an impairment and deems that impairment non-severe, an ALJ's complete disregard of an impairment at Step Two and in the remaining parts of the sequential analysis can constitute grounds for remand." *Pailin*, 2013 WL 5924972, at *3. This is especially true if the ALJ fails to consider any limitations caused by the omitted impairment during his residual functional capacity or RFC assessment. *See id.* (citing S.S.R. 96-8p which states that the ALJ must consider the limitations and restrictions imposed by all of an individual's impairments, severe and non-severe, in assessing RFC). Accordingly, where the ALJ implicitly includes limitations from all of the Plaintiff's impairments, including those not addressed at step-two, into the RFC assessment, the error is harmless and there is no ground for remand. *See id.* at *4.

Here, I find that the ALJ's failure to discuss Plaintiff's migraine headaches at step-two is harmless error because the ALJ clearly found Plaintiff's alleged limitations caused by migraine headaches insubstantial and accounted for the established limitations in his RFC.

" 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000)) (citations omitted); 20 C.F.R. § 404.1545(a)(1) (RFC determination is an assessment of the most an individual can do given his limitations); *see also* SSR 96-8p. In determining a claimant's RFC, all of the claimant's impairments, including those not considered "severe" must be considered. 20 C.F.R. § 404.1545(a)(2). Additionally, in crafting the RFC, an ALJ is required to consider all of the evidence before him, including the medical evidence, a claimant's subjective

5

complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41.

In this case, although the ALJ did not find Plaintiff's headaches "severe" and he did not incorporate the extreme limitations endorsed by Plaintiff's subjective complaints of migraine headaches into the RFC, he crafted an RFC requiring light work limited by "little independent decision-making and simple tasks, decisions, and instructions." ECF No. 13-2. Plaintiff argues this is error because, *if credited*, the practical impact of the limiting effects of his migraine headaches, as testified to, would result in his inability to perform competitive work. ECF No. 18, 4-5 (emphasis added). When explaining his RFC assessment, the ALJ noted that Plaintiff testified that "he uses a computer very little and reads, but not for very long due to headaches and concentration difficulties." *Id.* at 25. It is clear from the ALJ's opinion and his analysis of the rest of the medical evidence of record vis-à-vis Plaintiff's testimony that the ALJ did not include the work-related limitations endorsed by Plaintiff due to migraine headaches in the RFC assessment because he found Plaintiff's testimony regarding his functional limitations not credible. ECF No. 13-2, 25-32. Thus, the ALJ incorporated only the moderate limitations he found the record supported into his RFC determination. After careful review, I find no error here.

An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano*, 637 F.2d 968, 969 & 972 (3d Cir. 1981). The ALJ must consider "the entire case record" in determining the credibility of an individual's statements. S.S.R. 96-7p. An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the

reason for that weight." *Id.* In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining, and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c); SSR 96-7p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations unless they are not supported by substantial evidence. *Smith*, 637 F.2d at 972; see also *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Here, in making his finding on the credibility of Plaintiff's statements, I find that the ALJ carefully reviewed the entire case record. *Id.* After going through Plaintiff's complaints (including his headaches, as discussed *supra*) along with the evidence of record, the ALJ ultimately concluded that "claimant's testimony is not considered an accurate description of his actual limitations." *Id.* at 31. The ALJ explained that he discounted Plaintiff's testimony because, *inter alia*, (i) Plaintiff actually stopped working because he was laid off—not because of his impairments, (ii) Plaintiff testified that he no longer engaged in outdoor activities, but he told Dr. Byers that he did a lot of outdoor activities (citing Exhibit 17F), (iii) medical testing and repeated examinations did not validate Plaintiff's numerous subjective complaints (citing Exhibits 2F, 3F, 4F, 5F, 6F, 7F, 10F, 11F, 13F, 15F, 16F, and 17F), (iv) Plaintiff's orthopedist had questioned Plaintiff's veracity in reporting his symptoms, and (v) no treating source supported Plaintiff's disability claim. *Id.* at 31. The ALJ further explained how Plaintiff's "daily

7

activities are not limited to the degree expected if his testimony regarding his functional limitations were accurate." *Id.*

With regard to the limiting effects of his migraine headaches, Plaintiff's only evidence is his hearing testimony. ECF No. 18, 4. In fact, a review of the record shows that Plaintiff is stable and able to manage his headaches with the use of medication. *See, e.g.,* ECF No. 13-8, 17 & 51. As Plaintiff acknowledges in his brief, in order for one to conclude that Plaintiff's migraine headaches prevent him from performing competitive employment, Plaintiff's testimony must be credited. *Id.* at 4-5. Certainly, that is not the case here. While I note that the ALJ should have more clearly discussed Plaintiff's headaches, I still was able to meaningfully review the ALJ's consideration of Plaintiff's headaches in his RFC assessment because of how thoroughly he considered all of the evidence of record when explaining why he discounted Plaintiff's testimony. *See* ECF No. 13-2, 25-32. Ultimately, because Plaintiff's testimony is the only evidence of the limiting effects of Plaintiff's migraine headaches and the ALJ clearly did not credit Plaintiff's testimony, I find no error in the ALJ's failure to discuss Plaintiff's headaches at step-two and, in turn, his decision to include moderate work-related limitations based on migraine headaches in the RFC assessment. Accordingly, I will not remand on this issue.

2. Plaintiff's Fibromyalgia

Plaintiff argues that despite finding Plaintiff's fibromyalgia to be a "severe impairment," the ALJ erred because he failed to conduct a meaningful analysis of Plaintiff's work-related limitations caused by his fibromyalgia. ECF No. 18, 7-11.

There is no question that fibromyalgia, an elusive problem, poses special circumstances in the social security arena. In evaluating fibromyalgia, courts acknowledge that symptoms of

the disease are entirely subjective and medical testing may not be able to assess its severity. *Singleton v. Astrue*, 542 F. Supp. 2d 367, 377 (D. Del. 2008) (citing *Wilson v. Apfel*, 1999 WL 993723, *1, n.1 (E.D. Pa. 1999)). Because of the subjectivity of the symptoms of fibromyalgia, the credibility of a claimant's testimony is paramount when evaluating whether a claimant's fibromyalgia impairment is disabling. *Singleton*, 542 F. Supp. 2d at 378. "[G]reat weight must be given to a claimant's testimony regarding her subjective pain, especially when that testimony is supported by competent medical evidence." *Lintz v. Astrue*, Civ. Action No. 08-424, 2009 WL 1310646, at *7 (W.D. Pa. 2009) (citing *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 n.10 (3d Cir. 1997)). Moreover, the reports prepared by doctors treating a claimant with fibromyalgia are particularly significant and, of course, subject to the "Treating Physician Doctrine," which prescribes that great weight should be given to the opinion of a physician who has had the opportunity to continually observe the patient over a prolonged period of time. *Id.* (internal citations omitted); *Perl v. Barnhart*, Civ. Action No. 03-4580, 2005 WL 579879, at *3 (E.D. Pa. Mar. 10, 2005); *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Still, a claimant who has been diagnosed with fibromyalgia will not automatically be classified disabled under the Social Security Act. *Id.* "Even in fibromyalgia cases, the ALJ must compare the objective evidence and the subjective complaints and is permitted to reject plaintiff's subjective testimony so long as he provides a sufficient explanation for doing so." *Nocks v. Astrue*, 626 F. Supp. 2d 431, 446 (D. Del. 2009). Accordingly, when assessing a complainant's symptoms of fibromyalgia, an ALJ may consider whether the record reveals clinical documentation of the complainant's symptoms and whether diagnosing physicians reported on the severity of the condition. *Singleton v. Astrue*, 542 F. Supp. 2d at 378; *see also* SSR 12-2p (evaluation of fibromyalgia).

Upon careful review of the record, I find that the ALJ properly considered Plaintiff's fibromyalgia in crafting his RFC and that the ALJ's RFC determination is supported by substantial evidence. As I have already explained, I find that the ALJ carefully weighed Plaintiff's subjective complaints against the medical evidence of record and found Plaintiff's statements not credible. Moreover, I find Plaintiff's claim that the ALJ did not consider Plaintiff's pain and fatigue related to fibromyalgia misplaced. *See* ECF No. 18, 8. Plaintiff's disability claim is not based solely on his fibromyalgia. Plaintiff also alleges, *inter alia,* Lyme disease, carpal tunnel, cervical arthritis, right knee arthritis, and lumbar degenerative disc disease and arthritis. The ALJ found each of these impairments severe and exhaustively considered Plaintiff's subjective complaints and the medical evidence of record to weigh their limiting effects. *See* ECF No. 13-2, 25-29 (discussing Plaintiff's pain, symptoms, and treatment for the severe impairments such as his joint pain, dizziness, shortness of breath, fatigue, right leg numbness, insomnia, left wrist pain, hand motor strength, ability to extend his left elbow and associated prolonged but unexplained pain, etc.). Given these diagnoses and associated treatment, I find the ALJ properly considered the entire medical evidence of record when considering the subjective nature of Plaintiff's fibromyalgia symptoms. *See also Trauterman v. Comm'r of Soc. Sec.*, 296 Fed. Appx. 218, 220-21 (3d Cir. 2008) (finding consideration of objective medical evidence associated with Plaintiff's other complaints appropriate when fibromyalgia also alleged). Accordingly, I will not remand on this issue.

3. Plaintiff's Mental Limitations

Plaintiff argues that the ALJ failed to account for all of his mental limitations in the RFC determination primarily because the ALJ discounted the opinion of Dr. John Mills, an Agency consultative examiner. ECF No. 18, 11-17.

Pursuant to 20 C.F.R. § 404.1527(c), an ALJ must evaluate every medical opinion received. In so doing, an ALJ should consider all of the following: the examining relationship, the treatment relationship, the evidence supporting the opinion, how consistent the opinion is with the record as a whole, whether the opinion was rendered by a specialist, and any other factors which tend to support or contradict the opinion. *Id.* Additionally, as referenced above, Social Security Ruling 96-8p explains the Social Security Administration's policies and policy interpretations regarding the Commissioner's assessment of a claimant's residual functional capacity ("RFC")—the most a claimant can still do despite his limitations. *See also* 20 C.F.R. § 404.1545(a). The RFC assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a)(3).

The amount of weight accorded to medical opinions is well-established. In his evaluation, an ALJ will give medical opinions the weight he deems appropriate based on various regulatory factors, including whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. 20 C.F.R. § 404.1527(c). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* § 404.1527(c)(1-2); *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S.

Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). "Generally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 404.1527(c)(4). Accordingly, the weight an ALJ assigns to a consulting physician's opinion "will vary based on the circumstance and the other medical evidence presented." *Benyak v. Colvin*, Case No. 2:13-cv-770, 2014 WL 4450144, at *10 (W.D. Pa. Sept. 10, 2014) (internal citations omitted).

In this case, Dr. John A. Mills, Ph.D. performed a consultative examination on August 16, 2011. ECF No. 13-2, 30; *see* Exhibit 8F. After reviewing Dr. Mills' report as well as Plaintiff's treatment records from Community Guidance Center (Exhibits 1F and 14F) and the mental functioning assessment provided by Dr. Schnepp, the consultative examiner at the initial level (Exhibit 1A), the ALJ gave Dr. Mills' opinion little weight "as it appeared that Dr. Mills relied too heavily on the claimant's allegations and is inconsistent with the mental health treatment notes and the lack of notations regarding serious mental problems from other treatment sources at Community Guidance Center (Exhibits 1F and 14F)." ECF No. 13-2, 32.

To reiterate, the standard in my review is not whether there is evidence to establish the Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen*, 881 F.2d at 39. After careful review, I find the ALJ's stated reasons for discounting the opinion of Dr. Mills are valid and supported by substantial evidence. For example, the ALJ appropriately discounted Dr. Mills' opinion for relying too heavily on the claimant's allegations because the ALJ had deemed Plaintiff's statements not credible—a determination that I also find to be supported by substantial evidence. *See* ECF No. 13-2, 32 (the ALJ stated that he gave "significant weight . . . to Dr. Pollock's opinion regarding Plaintiff's lack of veracity (Exhibits 7F and 15F)"); see also *supra* for a discussion of the ALJ's credibility determination. Moreover,

I find that substantial evidence supports the ALJ's analysis of the other medical evidence of record in his formulation of Plaintiff's RFC limiting Plaintiff to work on a regular schedule with little independent decision-making and simple tasks, decisions, and instructions. *See, e.g.,* ECF No. 13-2, 31-32 (citing Exhibit 14F, ECF No. 13-2, 31, wherein a Community Guidance Center therapist noted: "[Plaintiff] states concentration and irritability 'comes and goes' but is managible [sic]," and Exhibit 1A, ECF No. 13-3, 7, where consultative examiner concluded that Plaintiff's mental health impairments do not preclude him from being able to meet the basic mental demands of competitive work on a sustained basis."); ECF No. 13-2, 25 (ALJ's RFC determination).

Lastly, Plaintiff argues that the ALJ's RFC is deficient because it does not accommodate the ALJ's finding that Plaintiff has moderate difficulties in his ability to concentrate, persist, and maintain pace. ECF No. 18, 16. I disagree. First, I find Plaintiff's reliance on *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004) and related out-of-circuit case law on this point misplaced. Those cases involved claimants who *often* suffer from deficiencies in concentration, persistence or pace. In this case, the ALJ found Plaintiff has only moderate difficulties with regard to concentration, persistence or pace because Plaintiff testified that he sometimes uses a computer and reads but not for very long due to headaches and concentration problems. ECF No. 13-2, 24. Because I find that the ALJ did not err in his consideration of the medical testimony and in his determination of Plaintiff's credibility, as discussed *supra*, I find that the ALJ's RFC adequately sets forth all of Plaintiff's mental limitations that the ALJ found the

13

record supported.[1]  The ALJ appropriately did not include rejected impairments in his RFC determination.  Accordingly, on this issue, I find no error and affirm.

4. Plaintiff's Work History

Plaintiff further argues that the ALJ failed to give him "enhanced credibility" because of Plaintiff's previous work history.  ECF No. 18, 18-19.  Plaintiff had worked for twenty-five years prior to his alleged disability onset date. *Id.*

As I have already explained herein, I find no error in the ALJ's consideration of Plaintiff's credibility.  Further, the ALJ discussed Plaintiff's "good work history;" however, he concluded that "the deference due to his testimony from this factor is outweighed by other factors."  ECF No. 13-2, 31.  The ALJ went on to give a detailed explanation for his finding by citing, for example, the fact that Plaintiff stopped working not because of his impairments but because he was laid off.  *Id.*  I find the ALJ's explanations valid and supported by the record.  Further, I find no support for Plaintiff's contention that his work history was entitled to "enhanced credibility."  I will not disturb the ALJ's credibility determination on this basis.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act.  As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

---

[1] Likewise, I find that the ALJ's hypothetical questions to the Vocational Expert ("VE") accurately set forth all of Plaintiff's mental limitations.  ALJs commonly posit a variety of assumptions to VEs.  As long as the ALJ bases his RFC determination on VE testimony resulting from a hypothetical that accurately characterized all of the Plaintiff's individual impairments, there is no error.  *Rutherford v.* Barnhart, 399 F.3d 546, 554-55 (3d Cir. 2005).  I find that is the case here.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BURNS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1485 |
| Social Security Administration | ) |
| Defendant. | ) |
| AMBROSE, U.S. Senior District Judge | ) |

ORDER

AND NOW, this 28th day of January, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [17]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [21]) is GRANTED.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge